In the Matter of Proving the Last Will and Testament of NORA BITZER, Deceased.

Surrogate's Court, New York County, November 25, 1924.

**Wills — probate — evidence submitted by contestants in probate porceeding insufficient to warrant submission to jury of questions as to soundness of mind of testatrix, fraud, and undue influence — execution — testatrix unable to sign will without assistance — act of subscribing witness in guiding hand of testatrix as she made her signature proper under Decedent Estate Law, § 21 — verdict directed admitting will to probate.**

The failure of the contestants, in a proceeding for the probate of a will, to meet the standards laid down by the authorities in this State, upon the issues of fraud and undue influence, and the further fact that the soundness of mind of the testatrix was conceded at the trial, will not warrant submission to the jury of any of said questions contained in the order framing issues.

Moreover, a verdict will be directed admitting the will to probate, though the circumstances surrounding the execution indicate that the testatrix, by reason of physical disability, was unable to sign without assistance, and that one of the subscribing witnesses guided her hand in signing her name, since the assistance accorded the testatrix, upon the execution of the will, was proper within the provisions of section 21 of the Decedent Estate Law.

The extent of the aid furnished the party does not affect the validity of the signature if the signing is in any degree an act of the testator acquiesced in and adopted by him.

PROCEEDING for probate of will.

*Smyth, Haggerty, King & Corcoran,* for the proponent.

*Cohalan & Cohalan,* for the contestants.

*Alex Sidney Rosenthal,* for George W. Bitzer.

FOLEY, S.:

The evidence submitted by the contestants on the various issues was utterly insufficient to justify the submission of any of the questions contained in the order framing issues to the jury. The soundness of mind of the testatrix was conceded. No proof was adduced on the issues of fraud and undue influence to meet the standards laid down by the authorities in this State. (*Matter of Reuf,* 180 App. Div. 203; affd., 223 N. Y. 582; *Matter of Kindberg,* 207 id. 220; *Matter of Price,* 204 App. Div. 252, 253.)

On the question dealing with the execution of the will, the testimony of the three subscribing witnesses clearly established compliance with the Decedent Estate Law (§ 21). Their description of the circumstances surrounding the execution showed that the testatrix was, by reason of physical disability, unable to sign the will without assistance. One of the subscribing witnesses, a lawyer, guided the hand of the testatrix in signing her name. The disability of the testatrix only affected the use of her right arm and hand and did not impair her mental faculties. The law only required the making of a mark and even permitted writing of the signature by another person provided the testatrix acknowledged the signature as her own. The testimony of the handwriting expert that in his opinion the signature could not have been made by the decedent, is utterly at variance with the facts as testified to by the other witnesses. The expert's testimony, if anything, corroborates the actual happenings as described by the attesting witnesses. In *Matter of Caffrey* (174 App. Div. 398; affd., 221 N. Y. 486) the Appellate Division, First Department, held that expert testimony in such case was properly excluded by the surrogate. (See, also, *Matter of Kennedy,* 229 N. Y. 567, affg. 190 App. Div. 896, affg. 106 Misc. 216, FOWLER, S.) In *Matter of Kearney* (69 App. Div. 481), where the facts were very similar, the court held that the testimony of an expert tending to prove that the signature of a person, whose hand was guided by someone else, was insufficient in the face of the testimony of the observers of the testamentary act. The court in effect held that a testator who is physically unable to sign his name to his will may call upon another person to aid him in doing so, even to the extent of holding his hand and guiding it. The extent of the aid does not affect the validity of the signature if the signing is in any degree an act of the testator, acquiesced in and adopted by him.

The testimony of Miss Bruere, an official of the Central Union Trust Company, and of Mr. King, the draftsman of the will, conclusively establishes that the testamentary desires of the testatrix were incorporated in the propounded paper.

28

Surrogate's Court, New York County, December, 1924.     [Vol. 124

Upon the uncontradicted evidence here and pursuant to the authorities cited, the surrogate must direct a verdict in favor of the will.

Submit decree admitting the will to probate upon the special and general verdict as directed by the surrogate.